People of the State of Illinois, Plaintiff-Appellee, v. James Upshaw, Defendant-Appellant.

Gen. No. 49,926.

First District, Second Division.

May 4, 1965.

Rehearing denied May 25, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty of armed robbery at a jury trial and sentenced to five to ten years in the penitentiary. He appeals.

On December 6, 1963, James Glasper was the night attendant at a Clark Gasoline Service Station located on the south side of Chicago. About 2:30 a. m., Glasper was about to place cash receipts in the station safe when a customer, David Tolar, drove into the station and requested gasoline. The station premises were well lighted. While Glasper was servicing Tolar's automobile, a man walked onto the station premises and stood near the cigarette counter about three feet from Glasper. Glasper told the man he would be with him shortly. After filling Tolar's order, Glasper was about to give him trading stamps when the man who had been standing near the cigarette counter approached Glasper from the rear, placed a gun in his back and announced a holdup. Glasper turned, looked at the assailant and exclaimed, "Oh no, Babe, not you"! The assailant ordered Glasper to turn around and lie face down on Tolar's automobile, and to remain there until he got out of sight. The cash receipts were taken from Glasper and the assailant fled. Glasper went into the street, hailed a police

squadrol and informed the police of the robbery. He stated to the police that the assailant was a customer and that he, Glasper, would never forget him, and gave the police a description of him. A search of the area was made but the assailant was not found. On December 26, 1963, Glasper identified defendant as the assailant from a seven-man lineup at police headquarters.

On the witness stand, Glasper testified he had seen defendant in the Clark Station on three or four occasions prior to the date of the robbery and had thereby come to know him casually, which was the reason why he called the assailant "Babe" at the time of the robbery. He testified that he was positive it was defendant who held him up on December 6th.

Defendant testified he arrived in Chicago from Tennessee on December 1, 1963. He took up temporary residency with relatives in Chicago some three blocks from the Clark Station. Defendant stated on the evening of December 5th and the early morning of December 6th, a family party was held at the relatives' home where he had been staying. The party began to break up about 12:30 a. m., and defendant and his brother-in-law, Andrew Haslell, retired in the hideaway bed in the dining room about 1:30 a. m. About 5:30 a. m. he was awakened by his niece for breakfast. Defendant testified he was in bed all night. Andrew Haslell testified defendant was in bed all night, for the reason that had defendant attempted to leave, he, Haslell, would have been awakened.

Defendant was tried and found guilty on May 20, 1964. Thereafter, his court-appointed counsel filed a motion in the nature of a Writ of Error Coram Nobis, in which he informed the trial court that David Tolar, the driver of the automobile in the Clark Station at the time of the robbery, had been located in the peni-

tentiary and would positively testify that defendant was not the man who committed the robbery. Defense counsel stated that Tolar had been incarcerated since January 23, 1964. Pursuant to a defense motion of March 2, 1964, the State supplied the defense with two prospective-witness lists, one on March 19th and the other on April 27th, both of which lists contained the name of David Tolar, but giving his address as other than the penitentiary. Defense counsel did not dispute that, as of the time of the robbery in question, the address listed for Tolar was his correct address. It does not appear that defense counsel made any attempt to locate Tolar prior to or during the trial, or in any way apprised the trial court that Tolar could not be found. Defense counsel in fact admitted, at the hearing on the motion for a new trial, that he did not theretofore apprise the trial court of the situation. The trial judge refused to allow the defense to bring Tolar in as a witness for the reason that "all this was available and should have been presented at the trial, but the reason it wasn't presented was that Tolar is probably an accomplice of this fellow (defendant) and he will come in here and testify to anything that he thinks would help his coconspirator." The coram nobis motion was then denied, as was defendant's motion for a new trial.

Defendant maintains the State failed to prove his guilt beyond a reasonable doubt because of certain alleged inconsistencies in the State's evidence, or, in the alternative, defendant should have been afforded an opportunity to have the jury hear the testimony of David Tolar. We are of the opinion that the State made out a prima facie case showing defendant's guilt, but that prejudicial error was committed under the circumstances involved, in the trial court's re-

fusing to allow David Tolar to be brought in as a witness.

Evidence given by a single witness may sustain a conviction. People v. Miller, 30 Ill2d 110, 195 NE2d 694. On the testimony of the eyewitness, James Glasper, the State made out a prima facie case for defendant's guilt. Glasper testified he had seen defendant purchasing cigarettes in the Clark Station several times prior to the date of the robbery; he stated he recognized defendant at the time of the robbery, and immediately thereafter informed the police of this fact; he identified defendant as the assailant at a police lineup some three weeks later. Further, the house where defendant was residing on the 5th and 6th of December was only three blocks from the Clark Station. Although Glasper testified he saw the defendant in the Clark Station during the month of November, at which time it was undisputed that defendant was in Tennessee, Glasper did state he was unable to keep the months straight. This was a question of credibility for the jury, as was the other alleged inconsistency raised by defendant concerning Glasper's opportunity to observe the assailant before and during the robbery. Finally, the fact that the State failed to call David Tolar, the driver of the automobile at the scene of the robbery, as a witness does not give rise to the presumption that his testimony would be adverse to that given by James Glasper. People v. Jones, 30 Ill2d 186, 190, 195 NE2d 698.

While defendant's request for outright reversal must be rejected, in the interest of justice the conviction must be reversed and the cause remanded. Under the circumstances, David Tolar should have been allowed to testify. Defendant denied having committed the robbery. James Glasper positively identified defendant as the assailant. The entire case therefore revolved around the identity of the assailant.

260

Defendant's court appointed counsel appears to have made no effort prior to or during the trial to locate Tolar—the only other person who might have been able to shed light on the identity of the assailant— even though Tolar's name appeared on the witness lists supplied by the State. Defense counsel further admitted that he failed to inform the trial court that Tolar could not be located. While these matters were presented to the trial court through a motion in the nature of a Writ of Error Coram Nobis, defendant did thereafter renew his motion for a new trial. The motion for a new trial should have been granted.

■ This having been a jury trial, it is immaterial what the trial judge may have thought of the possible credibility of the prospective witness, Tolar. The fact that Tolar was incarcerated at the time it was requested that he be brought in as a witness was for the jury to weigh in determining his credibility.

The judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

BRYANT and LYONS, JJ., concur.