**People of the State of Illinois, Plaintiff-Appellee, v. Louis Pirovolos, Defendant-Appellant.**

**Gen. No. 53,288.**

First District, Third Division.

June 18, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (H. A. Cowen, N. W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth Gillis, Assistant State's Attorneys, of counsel), for appellee.

Supplemental Opinion

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant Louis Pirovolos was charged with the crime of murder. After a bench trial, he was found guilty of voluntary manslaughter and sentenced to a term of 2 to 14 years. On appeal, this court rejected defendant's contention that he was not proved guilty beyond a reasonable doubt. We also refused to reduce the sentence imposed, and affirmed the judgment of the Circuit Court. People v. Pirovolos, 116 Ill App2d 73, 253 NE2d 481 (1969). The facts are fully set out in that opinion. Defendant then petitioned the Illinois Supreme Court for leave to appeal. While that petition was pending, defendant sought leave of the Supreme Court to file an additional portion of the record, described as a "newly discovered, heretofore missing, supplemental" record. The Supreme Court entered an order allowing defendant to appeal, vacated the judgment of this court, permitted defendant to file the supplemental record and remanded the cause to this court for reconsideration

in light of that supplemental record, which had not been before this court on the original appeal. The pleadings are silent as to why the supplemental record had not been filed with this court in the original appeal.

The supplemental record consisted of a transcript of the proceedings at a hearing before the trial judge on defendant's motion for a new trial. Defendant had filed a petition for a new trial on the basis of newly discovered evidence, stating that he had located an eyewitness to the incident who had not testified at trial. Defense counsel represented that the witness in question had been located by defendant's wife after the trial had been completed. On the State's list of witnesses, the new witness was listed only by his first name, Vince. The police had furnished the first name to the State's Attorney, but had given no full name or any address. It was also noted that one of the witnesses, Larry Airdo, had testified at trial that a trainee by the name of Vince was present at the altercation. During the hearing on the petition for new trial, the additional witness was sworn in and examined.

Vincent Durand testified that he was employed at the theatre in question on January 21, 1967, the date of the occurrence. He saw both the deceased and defendant on that day. Both men were strangers to the witness, but he had seen them at the theatre. He heard the two men arguing, but did not know how the argument began. When Durand turned around, he saw that both men were armed with knives. Deceased was holding the back of a chair, and defendant had a stool. Durand testified further that deceased "came at" defendant with a knife, and defendant blocked the blow. Defendant swung his knife, and the deceased went down. The witness stated that he was present when the police arrived, but no one asked for his name.

After the State argued that Airdo had given exactly the same testimony at trial as that offered by Durand

and also that there had been no showing of diligence on the part of the defense in locating Durand, the trial court denied the motion for a new trial.

In light of the order of the Supreme Court remanding the cause to us to consider the supplemental record, we find that the trial court erred in denying the motion for a new trial. In our original opinion, we noted that Airdo's testimony did not indicate that the deceased used the knife or that he intended to use it in the altercation. However, the testimony of Durand was that the deceased did, in fact, swing at defendant with the knife, and that defendant then returned the blow. Thus it was inaccurate for the State to argue that Durand's testimony was exactly the same as had been given by Airdo at trial. Defendant's theory was that he was acting in self-defense. The additional testimony of Durand was corroborative of that given by defendant, and could have changed the result of the trial. See People v. Upshaw, 58 Ill App2d 256, 207 NE2d 728 (1965). Consequently, we believe that the interests of justice demand that we remand the cause for a new trial.

Judgment reversed and cause remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.