**UNITED STATES of America ex rel. Miguel BAEZ, Petitioner,**

**v.**

**The CIRCUIT COURT OF COOK COUNTY, MUNICIPAL DIVISION, FIRST MUNICIPAL DISTRICT, and Allyn R. Sielaff, Director of the State of Illinois, Department of Corrections, Respondents.**

**No. 75 C 47.**

United States District Court,
N. D. Illinois, E. D.

April 18, 1975.

---

Robert P. Isaacson and Ronald P. Alwin, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Application for a Writ of Habeas Corpus

Petitioner Baez, presently detained on bond and awaiting incarceration in Vandalia Correctional Center, seeks a writ of habeas corpus on the grounds that he did not knowingly and intelligently relinquish his rights to a trial by jury. Baez is in custody pursuant to a judgment and sentence of nine months imposed on May 16, 1973, after conviction in the Circuit Court of Cook County of the crimes of unlawful use of weapons, failure to possess a firearm owner's identification card, and defacing firearm identification marks.

On May 16, 1973, Baez appeared, without counsel, before the Honorable Anthony Bosco in Branch 27 of the First Municipal District of Cook County, Illinois. Judge Bosco found petitioner to be indigent, appointed the Public Defender to represent Baez, and passed the case until later that day. When the case was recalled the following conversation ensued:

THE CLERK: Miguel Baez.

THE COURT: All right is the defendant ready for trial?

ASSISTANT PUBLIC DEFENDER: Defendant is ready and a Motion to Suppress, Judge.

THE COURT: State going to be ready?

ASSISTANT STATE'S ATTORNEY: Mr. Baez, yes, State is going to be ready.

THE COURT: Plea of not guilty?

ASSISTANT PUBLIC DEFENDER: Not guilty, Jury waived.

THE COURT: Motion to Suppress?

ASSISTANT PUBLIC DEFENDER: Yes. (R. 3–4)

Allen Goldberg, the Assistant Public Defender who represented Mr. Baez, has submitted an affidavit which states in part:

Also on May 16, 1973, I had numerous cases to prepare and could only devote about ten or fifteen minutes discussion with the defendant, and therefore could not conduct a thorough inquiry of him as to his past criminal history. Also when I felt he had no prior criminal history and having very little time to talk with him, I, realistically, did not advise him of his right to a jury trial or plea bargaining where I felt that even if he was found guilty he would receive probation.

Mr. Baez, too, has submitted an affidavit which states, in part:

4. At no time did Mr. Goldberg advise me that I had a right to a jury trial. I do not recall the word "jury" ever being mentioned.

5. I did not know I had a right to jury trial.

In addition, the record discloses as fact that the trial court never personally informed petitioner Baez of his right to a trial by jury.

■ The classic definition of a waiver was enunciated in *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)—"an intentional relinquishment or abandonment of a known right or privilege." This standard has most often been applied to test the validity of a waiver of counsel, either at trial, or upon a guilty plea. Recently, the Supreme Court reaffirmed that this standard also applies "to assess the effectiveness of a waiver of other trial rights such as the right to confrontation, *to a jury trial,* and to a speedy trial, and the right to be free from twice being placed in jeopardy. (footnotes omitted) (emphasis added)." *Schneckcloth* v. *Bustamonte,* 412 U.S. 218, 237–238, 93 S.Ct. 2041, 2053, 36 L.Ed.2d 854.

■ Respondent has suggested, by way of brief, that in Illinois the attorney stands as agent for the client, and petitioner's failure to object to a waiver of his rights by his attorney binds petitioner to his attorney's actions. *People* v. *Sailor,* 43 Ill.2d 256, 253 N.E.2d 397 (1969). Such a principle is clearly alien to the explicit dictates of the Supreme Court.

■ In *Fay* v. *Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), the Court stated with regard to the waiver standard:

At all events we wish it clearly understood that the standard here put forth depends *on the considered choice of the petitioner* (citations omitted). A choice made by counsel not participated in by the petitioner does not automatically bar relief. (emphasis added).

The Court has further said, at least with regard to waiver of right to counsel and voluntariness of a guilty plea, "Presuming waiver from a silent record is impermissible." *Carnley* v. *Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed 2d 70 (1962) ; *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is fair to assume that this impermissible presumption applies to waiver of a jury trial and other safeguards of a fair criminal trial.

■ Finally, we note the · Supreme Court's language in *Schneckcloth, supra,* 412 U.S. at 236–237, 93 S.Ct. 2041, to the effect that the heavy burden of proving waiver rests on the government.

■ It is clear that the State has not met its heavy burden of showing an intentional relinquishment of a known right; the failure of the presiding judge to advise petitioner of his constitutional rights, in conjunction with the affidavit submitted by the Assistant Public Defender and by Mr. Baez, all tend to prove otherwise.

In light of our conclusion that defendant did not receive a trial which complied in all respects with due process requirements, we remand this case to Branch 27 of the First Municipal District of Cook County to give the State an opportunity to re-prosecute this case. Arrangements for a new trial shall be completed within 45 days, and in default thereof petitioner shall be released from custody and his convictions in this case reversed.