The People of the State of Illinois, Plaintiff-Appellee, *v.* Frank Morgan, Defendant-Appellant.

(No. 60569; ▮▮▮▮▮▮▮▮▮

First District (1st Division)—June 16, 1975.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and James M. Sammons, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant Frank Morgan and his accomplice, Walter McCalvin, committed a series of acts on the evening of April 12, 1970, which resulted in numerous charges stemming from three separate indictments. Morgan and McCalvin were found guilty of murder, burglary and six counts of armed robbery under indictments nos. 70—1186 and 70—1187. Our supreme court affirmed the convictions but remanded in order that sentences be imposed "* * * in accordance with the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1." (*People v. McCalvin*, 55 Ill.2d 161, 168, 302 N.E.2d 342, 346, *cert. denied*, 416 U.S. 909, 40 L.Ed.2d 114, 94 S.Ct. 1618.) The following concurrent sentences were originally imposed by the trial court:

"Indictment 70-1186

| Frank Morgan | Walter McCalvin |
|---|---|
| Burglary, 5 to 15 years | Burglary, 5 to 15 years |
| Armed Robbery of Donald Hamilton, 15 to 30 years | Armed Robbery of Donald Hamilton, 15 to 30 years |
| Armed Robbery of Susan Hamilton, 15 to 30 years | Armed Robbery of Susan Hamilton, 15 to 30 years |

70-1187

| Frank Morgan | Walter McCalvin |
|---|---|
| Murder of Hobart Scott, 100 to 199 years | Murder of Hobart Scott, 100 to 199 years |
| Armed Robbery of Daniel Libretti, 20 to 60 years | Armed Robbery of Daniel Libretti, 20 to 60 years |
| Armed Robbery of Richard Juschel, 20 to 60 years | Armed Robbery of Richard Juschel, 20 to 60 years |
| Armed Robbery of J. D. Lee, 20 to 60 years | Armed Robbery of J. D. Lee, 20 to 60 years |
| Armed Robbery of Gilbert Law, 20 to 60 years | Armed Robbery of Gilbert Law, 20 to 60 years" |

A hearing in aggravation and mitigation was conducted on January 10, 1974. New presentence investigations and reports were received and considered by the trial court. The People, in aggravation, pointed to the brutality and senselessness of the crimes as well as to the history of each defendant. In mitigation, each defendant's constructive conduct since incarceration was emphasized. After Morgan and McCalvin spoke in their behalf, sentences were imposed by the court. Morgan was given concurrent sentences of 5 to 15 years for burglary, 10 to 30 years for each of the two counts of armed robbery of Donald and Susan Hamilton, 20 to 60 years on each of the remaining four counts of armed robbery, and 100 to 199 years for murder. Defendant Morgan contends on appeal that the sentences imposed were excessive.

It must be noted that Morgan and McCalvin, in a second trial arising from indictment no. 70-1185, were found guilty of the armed robbery of Michael Kroll. The incident occurred on the same date that the other crimes were committed but at a different time and place. Morgan and McCalvin were sentenced to a term of 10 to 20 years to run consecutively

to the sentences originally imposed under indictments nos. 70-1186 and 70-1187. The conviction and sentence were upheld by the appellate court (14 Ill.App.3d 232, 302 N.E.2d 152), and in November of 1974 our supreme court affirmed and remanded with directions. *People v. Morgan,* 59 Ill.2d 276, 319 N.E.2d 764.

The supreme court in *Morgan* held that the consecutive nature of the 10 to 20 years' sentence violated section 5—8—4(c) of the Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—4(c).) Section 5—8—4(c), which has since been modified, previously provided that the minimum period of consecutive sentences could not exceed 28 years. The supreme court, therefore, remanded and ordered that the 10 to 20 years' sentence run concurrently to the sentences imposed under indictments nos. 70-1186 and 70-1187.

■■ However, the supreme court in *Morgan* rejected defendants' contention that the sentence was excessive. The *Morgan* decision reiterated the principles which should guide the review of sentences imposed by a trial court. Supreme Court Rule 615(b)(4) enables the reviewing court to reduce the degree of punishment imposed by the trial court. (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4).) The factors to be considered are: the seriousness of the crime, the failure of defendant to show a penitent spirit, prior convictions, and " '* * * the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, [and] the stimuli which motivate his conduct * * *.' " (*People v. Dukett,* 56 Ill.2d 432, 308 N.E.2d 590; *People v. Morgan,* 59 Ill.2d 276, 282, 319 N.E.2d 764, 768.) Since the trial judge has a superior opportunity to consider and apply these factors, a court of review should employ considerable caution and circumspection in reducing sentences. *People v. Taylor,* 33 Ill.2d 417, 211 N.E.2d 673.

■■ It is clear from the record that defendant's sentences were based upon factors suggested as proper by the *Morgan* decision. The trial judge had the benefit of observing the defendant at trial, examining new presentence investigation reports, and receiving all arguments during the hearing in aggravation and mitigation. Before imposing the sentence on defendant, the court stated:

> "The court has considered the arguments which it has heard and I recall the circumstances and the facts of the case in general. I agree, the identity of the victims has no relevancy, the position taken by both counsel. I disagree that this is a matter deserving minimum sentence consideration.
>
> This case involved a particularly brutal and vicious series of events, including the invasion of an apartment, the brutal handling

of a number of people and an absolutely brutal, vicious, unprovoked and senseless killing of a human being. The court has given full regard for and full consideration to the nature of the circumstances of the offenses herein involved, and has given full consideration to the history and character of each defendant.

After having done so, try as it might, the court cannot find any mitigating or extenuating circumstances and can find no basis or reason for any leniency. Substantially more than minimum sentences in this case are not only warranted but demanded."

The sentences imposed on defendant Morgan do not violate the provisions of the Unified Code of Corrections. Section 5—8—1(b) provides that "for murder, the maximum term shall be any term in excess of 14 years," and "for a Class 1 felony, the maximum term shall be any term in excess of 4 years." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b).) Section 5—8—1(c) provides that the minimum term for murder and Class 1 felonies shall be 14 years and 4 years, respectively, "unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c).) The Unified Code of Corrections does not provide for mandatory minimum or maximum terms on concurrent sentences; nor does it provide for a mandatory spread between minimum and maximum terms within an indeterminate sentence for murder or for Class 1 felonies. The sentences imposed in the instant case for murder, armed robbery (a Class 1 felony) and burglary (a Class 2 felony) do not contravene the provisions of section 5—8—1 of the Unified Code of Corrections.

The supreme court has held that sentences of 75 to 100 years for murder (*People v. Williams*, 60 Ill.2d 1, 322 N.E.2d 819), 50 to 100 years for rape and aggravated kidnapping (*People v. Jones*, 60 Ill.2d 300, 325 N.E.2d 601), and 75 to 100 years for robbery (*People v. Hopkins*, 53 Ill.2d 452, 292 N.E.2d 418) are not excessive under the Unified Code of Corrections.

Defendant's sentences are long but appropriate in light of all the circumstances. It will be noted that the defendant will be eligible for parole in "20 years less time credit for good behavior" under section 3—3—3 of the Unified Code of Corrections. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—3—3.

For these reasons the judgment is affirmed.

Judgment affirmed.

EGAN and SIMON, JJ., concur.