THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN P. GIMMLER, JR., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 76-114

Opinion filed February 24, 1977.

Anthony J. Murray, Jr., of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

John P. Gimmler, Jr., and William T. Woller, Jr., were arrested and charged by complaint with the offense of battery. (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)(1).) John P. Gimmler, Jr., was also charged with the offense of resisting a police officer. (Ill. Rev. Stat. 1973, ch. 38, par. 31—1.) William T. Woller, Jr., was also charged with the offense of obstructing a police officer. Ill. Rev. Stat. 1973, ch. 38, par. 31—1.

Following a bench trial in the circuit court of Cook County, defendant Gimmler was found guilty of the offense of battery and not guilty of the offense of resisting a police officer. Gimmler was sentenced to 2 years probation, the final 4 months to be served in confinement, and fined $150 and costs. Codefendant Woller was found guilty of the offense of obstructing a police officer and not guilty of the offense of battery. He was sentenced to a term of probation of 2 years and was fined $150 and costs. Defendants' motion for a new trial alleging newly discovered evidence was denied, and defendants appealed.

The record shows that the initial court date was set for June 19, 1975, before the Honorable Albert H. LaPlante. The cause was continued and set for a jury trial for June 20, 1975. Two other continuances were obtained and the cause was finally heard on August 7, 1975. David Weiner, counsel for the defendants, told the trial judge, Judge Gannon, that the defendants had indicated their willingness to proceed by way of a bench trial and that they were knowingly and understandingly waiving their rights to a jury trial. The court did not specifically ask the defendants to orally waive their rights to a jury trial nor were jury waivers tendered. The defendants did not object to Mr. Weiner's statement.

The following facts and testimony were elicited at trial:

Shortly after midnight on May 17, 1975, about 20 to 30 men engaged in fist fights in the parking lot of the Directory Tavern located in Hanover Park, Illinois. Officers Fred Farina and John Leitner responded to the call regarding this disturbance. The disturbance was quelled, but within 10 minutes the officers were back on the scene due to more fighting. Among those involved in the fighting were defendants, John Gimmler and William Woller. Officer Farina ordered Gimmler to leave the area. Gimmler grabbed Farina by the arm and proceeded to strike the officer

three to four times with his forearm and fist. Officer Leitner observed the blows and attempted to assist Farina. Leitner was stopped by Woller who struck him in the chest. Before Woller was arrested, he gave Leitner two to three additional blows.

Each defendant admitted being at the scene on the night in question. Each testified that they had been drinking beer. Gimmler indicated that he became involved in attempting to break up the fight. He denied striking Officer Farina, but said he "might have" resisted the officer while attempting to continue the fight. He also testified that if he did strike the officer, he was sorry about it.

Woller testified that he saw Gimmler being subdued by several officers and he tried to assist him. He denied striking Leitner, but admitted grabbing his arm as a reflex action to stop Leitner from hitting Gimmler with his club. Woller testified he did not see Gimmler strike Officer Farina.

Subsequent to the trial, a motion for a new trial was presented to the court in which defendants alleged that they had discovered new evidence showing that neither was guilty of the charge on which he was convicted. Defendants tendered two witnesses to the court. The motion indicated that these witnesses would testify that neither of the defendants battered a police officer or resisted or obstructed a police officer in the performance of his duty. Along with the motion, defendants presented affidavits stating that they did not know of their rights to a jury trial. The affidavits further stated that Mr. Weiner did not tell them that they had a right to a jury trial. The court refused to hear the witnesses, the motion for a new trial was denied, and defendants appealed.

The circuit court clerk mistakenly entered a finding of guilty on the offense of resisting a police officer against Mr. Gimmler. The trial court found Gimmler not guilty on this charge.

The issues presented for review are (1) whether defendants are deemed to have knowingly and understandingly waived their rights to a jury trial where defendants' privately retained counsel indicated their election to proceed to bench trial, in open court, and in the presence of defendants, and defendants made no comments or objections, and (2) whether the trial court abused its discretion in denying defendants' motion for a new trial based upon alleged newly discovered evidence where such evidence could have been discovered prior to trial if due diligence had been exercised.

The People contend because defendants allowed privately retained counsel to waive their rights to a jury trial, and such was done in the presence of defendants in open court without objection by defendants, that defendants are deemed to have acquiesced in the waiver and are bound by their counsel's actions. (*People v. Sailor* (1969), 43 Ill. 2d 256,

253 N.E.2d 397.) Second, the People maintain that because the newly discovered evidence could have been discovered prior to trial if diligence had been exercised, and because the evidence is cumulative and not conclusive so as to mandate reversal of the trial court's judgment, the trial court was correct in denying defendants' motion for a new trial. *People v. Baker* (1959), 16 Ill. 2d 364, 158 N.E.2d 1.

The defendants contend that they did not knowingly and understandingly waive their rights to a jury trial, and that they are not bound by their counsel's waiver. They maintain that a waiver must be personally made by the defendant and spread on the record to show that such waiver was intelligently and voluntarily made. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709; *United States ex rel. Baez v. Circuit Court* (N. D. Ill. 1975), 395 F. Supp. 1285.) Next, they contend that because they offered evidence which was newly discovered and which was likely to change the outcome of the litigation, the diligence requirement should be disregarded and the motion for new trial should have been granted in the interests of justice. *People v. Pirovolos* (1970) 126 Ill. App. 2d 361, 261 N.E.2d 701; *People v. Upshaw* (1965), 58 Ill. App. 2d 256, 207 N.E.2d 728.

Regarding the first issue, the court did not fail in its duty to see that defendants' waivers of a jury trial were understandingly and knowingly made. The defendants were present before Judge LaPlante on June 19, 1975, and knew that their case was continued and set for a *jury trial* on June 20, 1975. When their case was heard on August 7, 1975, their counsel, Mr. Weiner, stated to the court in the presence of the defendants that the defendants had indicated their willingness to proceed by way of a bench trial, and that they were knowingly and understandingly waiving their rights to a jury trial. The defendants did not object to Mr. Weiner's statements. Even in light of these facts, defendants insist by post-trial affidavits that they did not knowingly and understandingly waive their rights to a jury trial, and that Mr. Weiner did not tell them they had a right to a jury trial. They argue that a waiver must be personally made by them to be effective.

■■ According to *People v. Sailor* (1969), 43 Ill. 2d 256, 260, 253 N.E.2d 397,

> "An accused ordinarily speaks and acts through his attorney, who stands in the role of agent, and defendant, by permitting [his] attorney, in [his] presence and without objection, to waiver [his] right to a jury trial is deemed to have acquiesced in, and to be bound by, his action."

This holding was reaffirmed in *People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762, and is controlling in the instant case.

Defendants argue that because *Boykin v. Alabama* (1969), 395 U.S. 238,

23 L. Ed. 2d 274, 89 S. Ct. 1709, requires a personal waiver with respect to a plea of guilty, by analogy, a personal waiver is required for a jury waiver because it is also an important constitutional right. *People v. Murrell* (1975), 60 Ill. 287, 326 N.E.2d 762, holds that *Boykin* does not contain a similar requirement for waiver of a jury trial.

■■ Next, defendants rely on the Federal District Court case of *United States ex rel. Baez v. Circuit Court* (N.D. Ill. 1975), 395 F. Supp. 1285, for the same proposition that a personal waiver is required. We are not bound to follow decisions by Federal courts other than the United States Supreme Court. Furthermore, in the case of *Occhino v. Illinois Liquor Control Com.* (1975), 28 Ill. App. 3d 967, 971-72, 329 N.E.2d 353, citing *Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 567, 299 N.E.2d 521, 525, this court stated as follows:

> "As a general proposition, this court is obliged to follow decisions of the Supreme Court of Illinois and of the United States Supreme Court. (*Hensley v. Hensley,* 62 Ill. App. 2d 252, 259, 210 N.E.2d 568.) Both of these tribunals exercise appellate jurisdiction over the Appellate Court of Illinois. Quite to the contrary, since decisions of this court are not subject to review by federal courts other than the United States Supreme Court, by courts of any state other than Illinois, or by the appellate courts of other districts in the State of Illinois, we are not bound to follow the decisions of these other tribunals. (See *People v. Battiste,* 133 Ill. App. 2d 62, 272 N.E.2d 808, citing *United States ex rel. Lawrence v. Woods* (7th cir. 1970), 432 F.2d 1072, 1075.)"

We hold that the defendants understandingly and knowingly waived their rights to a jury trial.

■■ After a careful examination of the record, we find that the trial court did not manifestly abuse its discretion in denying defendants' motion for a new trial. Motions for a new trial grounded on newly discovered evidence are disfavored by the courts and as such must be subjected to the closest scrutiny. (*People v. Howze* (1972), 7 Ill. App. 3d 60, 286 N.E.2d 507.) The trial court's discretion in this area will not be disturbed except in the case of manifest abuse. *People v. Holtzman* (1953), 1 Ill. 2d 562, 116 N.E.2d 338.

There are certain tests employed by the courts to determine whether evidence is "newly discovered." The evidence must be of such character that it could not have been discovered prior to trial by the exercise of due diligence. (*People v. Baker* (1959), 16 Ill. 2d 364, 158 N.E.2d 1.) Newly discovered testimony must be conclusive and not merely cumulative, and the evidence must appear to be of such conclusive character that it will probably change the result if a new trial is granted. *People ex rel. Walker v. Pate* (1973), 53 Ill. 2d 485, 292 N.E.2d 387.

Here, defendants failed to use diligence in obtaining the evidence which they now assert is newly discovered. From the facts, about 20 to 30 people witnessed the incident in question. At no time was any attempt made to find these witnesses. At least 10 to 12 out of this group were personal acquaintances of Gimmler, as they were associated with his softball team. No attempt was made to subpoena anyone out of this group as witnesses. No excuse was offered as to why they did not locate any of the witnesses. Surely, if defense counsel would have exercised due diligence, his search would have led to the discovery of such bystanders as are currently urged by defendants as possessing newly discovered evidence.

Defendants argue that the diligence standard has been discarded in Illinois. (*People v. Pirovolos* (1970), 126 Ill. App. 2d 361, 261 N.E.2d 701; *People v. Upshaw* (1965), 58 Ill. App. 2d 256, 207 N.E.2d 728.) However, the diligence standard was employed by the Illinois Supreme Court in the case of *People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288, decided subsequent to the two cases cited by the defendants. Furthermore, even assuming, but not granting, that there may be a trend to disregard the diligence standard, the other requirements, *i.e.*, that the evidence must be conclusive so as to probably change the result on retrial and that the evidence must be conclusive and not merely cumulative, have not been discarded. *People v. Jones* (1975), 26 Ill. App. 3d 78, 325 N.E.2d 56.

■■ If these witnesses were called, should they testify that neither defendant struck a police officer, such testimony is merely cumulative to the denials of the defendants. If their testimony went any further, they would probably contradict the testimony of defendant Gimmler who said he "might have" resisted the officers or the testimony of defendant Woller who stated he grabbed Officer Leitner as a reflex action. Clearly, this evidence is not conclusive and not of such a nature as to mandate reversal of the trial court's finding of defendants' guilt. The trial court was correct in denying the motion for a new trial and its discretion was not abused here.

■■ With respect to the charge of resisting a police officer, Judge Gannon found defendant Gimmler not guilty. The clerk, in error, entered a judgment of guilty on this charge as to this defendant. The appellate court has the power to amend clerical errors nunc pro tunc. (*Neiman v. City of Chicago* (1962), 37 Ill. App. 2d 309, 185 N.E.2d 358; *City of Chicago v. Evon* (1950), 339 Ill. App. 580, 91 N.E.2d 456.) Therefore, we direct that the record be corrected to reflect a finding of not guilty on the charge of resisting a police officer as to Mr. Gimmler.

Finally, the appellate court has the power to reduce the punishment imposed by the trial court pursuant to Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)). However, we are aware that

this authority to reduce sentences should be used with caution, but when a particular case requires reduction of the penalty, we will exercise our authority under Rule 615(b)(4). *People v. Drew* (1975), 32 Ill. App. 3d 682, 336 N.E.2d 281.

Two important factors to be considered in reviewing the trial court's sentencing decision are the seriousness of the crime and prior convictions. (*People v. Morgan* (1975), 29 Ill. App. 3d 1043, 332 N.E.2d 191.) In the hearing on aggravation and mitigation, the judge indicated that if this case were to be heard downtown, the defendants would have been charged with a Class 3 felony, and they would have been subjected to 1 to 10 years in the State Penitentiary, and would have received 3 years of mandatory probation. The trial judge, in pronouncing the sentence, should have limited his considerations to the Class A misdemeanor which Mr. Gimmler was charged with and actually convicted of, instead of speculating on what more serious charges might have been brought against him.

■■ Additionally, the fact that Mr. Gimmler had not been previously arrested and that Mr. Woller had previously been arrested was presented. Both were charged with Class A misdemeanors. Mr. Gimmler was convicted of battery and Mr. Woller was convicted of obstructing a police officer. Mr. Gimmler, as a condition of his probation, was sentenced to 4 months confinement. Mr. Woller was not. It appears from the record that Mr. Gimmler's spotless record was not taken into account in the sentencing hearing. In light of the above facts, we hold that the sentence of 4 months confinement as to Mr. Gimmler was excessive; the probation and fine imposed is adequate punishment.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed; the sentence of 4 months of confinement as to John P. Gimmler, Jr., is vacated. We direct the trial court to vacate the 4-month jail sentence conditioned on probation as to Mr. Gimmler; further, we direct that the record be corrected to reflect a finding of not guilty on the charge of resisting a police officer as to Mr. Gimmler.

Affirmed, and cause remanded with directions.

DIERINGER, P. J., and ROMITI, J., concur.