THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY A. BURNSIDE, Defendant-Appellant.

Third District    No. 3—88—0674

Opinion filed July 12, 1989.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Terry A. Burnside, the defendant, was indicted, tried by a jury and found guilty of the offense of possession of a controlled substance with intent to deliver the same. He was also charged with the unlawful use of weapons by a felon. The defendant was sentenced to concurrent terms of 15 and 7 years of imprisonment.

Evidence adduced at trial established that pursuant to search warrant, a number of police officers entered a residence in which the defendant, along with other family members, resided. The search of an upstairs bedroom yielded drug paraphernalia, to-wit, cellophane packets, paper bags, plastic bags, a Seal-a-Meal packaging devise, scales, a notebook bearing names, monetary figures and slang terms for cocaine, as well as white substance later determined to be cocaine, and a handgun and a shotgun were also discovered during the search.

During the course of the trial, the defendant's stepmother testified that the defendant and his brother, Brian, shared the room which was searched. She further testified that Brian had a significant problem with drugs.

The defendant testified in his own behalf and asserted that he and his brother shared the bedroom, and all the drug paraphernalia, as well as the cocaine and other incriminating evidence, was the property of and belonged to Brian.

Brian was present during the first day of trial and, though not under a subpoena, was expected to testify for the defense. Brian disappeared on the second day of trial, and the court granted the defense

time in which to locate him. In fact, the defendant left the courtroom to look for his brother. The defendant did not return from the search as quickly as expected, so the court issued a bench warrant for the defendant and excused the jury until the following day. Very shortly thereafter, the defendant reappeared with the news that Brian was on his way to the courthouse. The dispersing jurors were "recaptured" and the trial proceeded. The trial judge informed the defense that an acquittal would end the matter, but that he would hear Brian's testimony if he came to the courthouse. The parties then delivered final arguments, the jurors were instructed, and the jury retired to deliberate.

Shortly after the jury retired, brother Brian sauntered into the courthouse and announced that he was there to testify for the defendant. Brian, outside the presence of the jury, did indeed, testify. This testimony was to the effect that all the cocaine, containers, packets, scale and other drug paraphernalia had been placed in the room by him (Brian), while the defendant was asleep in the room with a girl friend. Brian also claimed that he placed the guns in the room, and that the small notebook was his, but insisted that the entries contained in it referred to automotive repair jobs. Brian also acknowledged having a prior drug conviction.

While Brian was mudding up the water to a fare thee well with his testimony, the jury indicated that it had reached a verdict. Prior to receiving the verdict, defense counsel moved for a mistrial, the State resisted this motion, and the judge opined that all the annoying problems might be obviated by a verdict of an acquittal. The jury returned a verdict of guilty, which clearly did not serve to obviate the problems confronting the trial court.

■ Both the Constitution of the United States and the Constitution of the State of Illinois provide that a defendant in a criminal proceeding shall enjoy the right to a speedy, public trial by an impartial jury (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8).

■ In the instant case, we are presented with an incongruous situation, where the burden of determining the guilt or innocence of the defendant was divided between the trial judge and the jury. The defendant did not receive a full trial by an impartial jury.

■ The trial judge may well have had valid reasons for prohibiting the witness, Brian, from testifying, but once he determined to permit the witness to testify, such testimony should have been heard by the jury. It was within the province of the jury, not the trial judge, to determine the credibility of the testimony of the witness, Brian. See *People v. Upshaw* (1965), 58 Ill. App. 2d 256, 207 N.E. 2d 728.

The defendant raises other issues in this appeal; however, having determined that the conviction of the defendant should be reversed and a new trial be conducted, we need not consider the other issues, relating to sentencing, fines, and credit for pretrial jail time.

For the reasons stated, the judgement of the circuit court of Peoria County is reversed and this case is remanded for a new trial.

Reversed and remanded.

WOMBACHER, P.J., and STOUDER, J., concur.