UNITED STATES of America ex rel. Melvin H. SULLIVAN, Petitioner-Appellant,

v.

James A. FAIRMAN, Warden, Respondent-Appellee.

No. 83–2054.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1984.

Decided April 9, 1984.

As Amended June 13, 1984.

Mardell Nereim, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for petitioner-appellant.

Kenneth A. Fedinets, Deputy Atty. Gen., Chicago, Ill., for respondent-appellee.

Before BAUER, WOOD and ESCH-BACH, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Appellant Melvin H. Sullivan, an Illinois state prisoner, filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois contending that he had been denied his fourteenth amendment due process rights, and his sixth amendment right to effective assistance of counsel, made applicable to the states through the fourteenth amendment, in his state murder trial. The district judge denied the petition on both counts, ruling that Sullivan failed to meet the *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), cause and prejudice standard on the due process claim, and that, even assuming Sullivan's trial counsel was incompetent, Sullivan failed to show that he suffered any prejudice as a result. 564 F.Supp. 575 (N.D.Ill. 1983). We vacate and remand.

## I. Background

Michael Grayson was shot and killed in front of the Pepperbox Lounge in Chicago at approximately 2:30 a.m. on March 18, 1979. Petitioner-appellant Melvin Sullivan was found guilty of the murder after a bench trial and sentenced to 20 years in prison. Elnora Barnes, a prostitute, was the prosecution's chief witness. She testified that she was living with Sullivan in a hotel for about two weeks before the mur-

der, that she saw Sullivan at the Pepperbox the night of the shooting, and that he had a gun. According to Barnes, she, Sullivan, Grayson, and two others left the Pepperbox together sometime after 1:00 a.m. As Barnes crossed the street she heard a shot and then ran. Barnes testified that approximately 30 minutes after the shot Sullivan arrived at the hotel and told her that he just killed someone.[1]

Sullivan's aunt testified that on the evening in question Sullivan came home at 1:00 a.m. and immediately went to bed. Sullivan himself then testified that he had been at the Pepperbox the night of the murder, but left at about 11:45. He said he had not seen Elnora Barnes that evening, and that while he had been good friends with her, they had parted on bad terms.

Following Sullivan's testimony, defense counsel moved for a continuance for the purpose of bringing additional witnesses listed in the State's Answer to Discovery. Counsel had not interviewed these witnesses, but believed they would contradict some of the testimony presented by the state's witnesses. Counsel also stated that there were other unidentified witnesses who would contradict the state's case. The court denied the motion to continue the trial and subsequently found Sullivan guilty.

New counsel for Sullivan then moved for a new trial claiming that the testimony of five eyewitnesses who were not called at trial constituted newly discovered evidence. Attached to his motion was an affidavit from each of the five witnesses stating that each had witnessed the shooting and that Sullivan was not the assailant. The trial court denied the motion, the Illinois Appellate Court affirmed Sullivan's conviction, *People v. Sullivan*, 95 Ill.App.3d 571, 51 Ill.Dec. 60, 420 N.E.2d 474 (1st Dist.1981), and the Illinois Supreme Court denied leave to appeal. Sullivan then filed this petition for a writ of habeas corpus alleging: (1) the trial court's denial of a continuance and its denial of Sullivan's motion for a new trial without holding an evidentiary hearing infringed Sullivan's due process rights; and (2) trial counsel's failure to interview and call the five eyewitnesses violated Sullivan's right to effective assistance of counsel.

## II. *Due Process Claims*

Two of Sullivan's arguments to the state appellate court were that the trial court erred in denying the motion for a continuance, and that the trial court erred in denying the motion for a new trial and in failing to hold an evidentiary hearing on the motion. In his petition for a writ of habeas corpus, Sullivan argues that these alleged errors violated his due process rights under the fourteenth amendment. The district judge found that Sullivan failed to argue the due process ramifications of his claims to the state court, and that he similarly failed to show cause for the omission and prejudice resulting therefrom as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[2] Accordingly, the judge held that Sullivan forfeited his right to habeas review. Sullivan contends that he presented the substance of his due process claims though without labeling them as such in state court, and argues that that should be sufficient to avoid the *Wainwright v. Sykes* test.[3]

1. There were two other prosecution witnesses. They testified that they saw Sullivan in the Pepperbox Lounge the night of the murder and that they heard a shot, but neither witness saw the shooting.

2. In *Wainwright v. Sykes* the Supreme Court held that a state prisoner who was barred by his failure to make a timely objection at trial from raising a constitutional claim on direct appeal, was also barred from raising the claim in a habeas corpus petition unless the petitioner showed cause for the failure and actual prejudice resulting therefrom. *Wainwright v. Sykes*,

433 U.S. at 91, 97 S.Ct. at 2508. In *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354, 357–61 (7th Cir.1983) (en banc), we held that the *Wainwright v. Sykes* cause and prejudice requirements also apply when a state prisoner fails to raise a claim on his state court appeal.

3. There are two procedural obstacles that may bar a state prisoner's federal habeas corpus petition: failure to exhaust state remedies, and waiver. The only question here on appeal with respect to the petitioner's due process claim is whether he has waived the right to present it in federal court; the district court found, and the

In *United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir.1983) (en banc), as in this case, the petitioner sought to avoid waiver under *Wainwright v. Sykes* by arguing that he did in fact present his claim in state court. We rejected the attempt in *Spurlark*, finding that although the petitioner may have planted the seeds of his argument, he never fully presented the substance of the claim that formed the basis of his alleged constitutional deprivation. We did not decide the issue we must confront today: whether and under what circumstances a state prisoner who has fully presented to the state court the substance of a claim that forms the basis of the constitutional deprivation alleged in the prisoner's habeas petition, but has not done so in explicit constitutional terms, may be held to have sufficiently apprised the state court of the potential existence of an error of constitutional dimension. *See id.* at 357 n. 2.

 A habeas petitioner must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). This means that "the substance of a federal habeas claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. at 278, 92 S.Ct. at 513. The habeas petitioner need not have cited " 'book and verse on the federal constitution,' " *id.* (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.1958)); *see also Macon v. Lash*, 458 F.2d 942, 949 (7th Cir.1972), but "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim

was made," *Anderson v. Harless*, 103 S.Ct. at 277 (citations omitted).[4] In other words, the claim must have been presented in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim.

In *Anderson v. Harless*, the habeas petitioner argued in federal court that the state trial court's instruction on malice violated his fourteenth amendment due process rights because it deprived him of the presumption of innocence; in state court he had argued merely that the instruction on malice constituted reversible error because it was "erroneous." The Supreme Court reversed the granting of the habeas petition on the ground that the federal due process claim had not been fairly presented to, or considered by, the state court. While the petitioner had relied on a case in his state proceedings in which the defendant in the cited case asserted a federal claim, the decision in the cited case was predicated solely on state law, and the federal claim asserted in the cited case was not the same as the federal claim asserted by the petitioner in *Harless*. *Anderson v. Harless*, 103 S.Ct. at 278 & n. 3.

Just as the petitioner's state court argument in *Harless* was not presented in such a way as to alert the state court to any constitutional due process ramifications, Sullivan's state court arguments were not presented in such a way as to fairly alert the state court to the constitutional ramifications Sullivan now claims exist. Sullivan simply argued that the trial court acted erroneously in denying his motion for a continuance and his motion for a new trial. Like Harless, Sullivan did not present this state court argument in the context of a federal constitutional claim, he never used the term "due process," [5] and the opinion of

---

parties do not contest, that the petitioner has met the exhaustion requirement.

**4.** Although a number of the cases cited in this opinion, including *Picard v. Connor* and *Anderson v. Harless*, are exhaustion cases, the analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases.

**5.** Although not in his briefs before this court, and apparently not raised before the district court, Sullivan mentioned at oral argument that he did raise his due process claim to the trial judge in post-trial arguments. This fact is irrelevant. Regardless of whether Sullivan raised his due process claim at the trial level, he committed a procedural default subjecting him to the *Wainwright v. Sykes* cause and prejudice test if he failed to raise the due process claim at the

the Illinois Appellate Court indicates that it discerned no due process implications. Even though Sullivan's due process claim arises out of the same factual circumstances as his state court claim, his state court claim presented an entirely separate legal issue. *See Wilks v. Israel*, 627 F.2d 32, 38 (7th Cir.1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981). The state court, presented with a claim that the trial judge erroneously denied a motion for a new trial based on newly discovered evidence, focussed on whether the state law requirements for granting a new trial under those circumstances had been met.[6] *People v. Sullivan*, 51 Ill.Dec. at 64, 429 N.E.2d at 477. A due process inquiry is not constrained by these state law requirements. A due process inquiry in this context asks whether, as a matter of fundamental fairness, the state trial judge erred in denying the petitioner a new trial under the circumstances presented. *Cf. Wilks v. Israel*, 627 F.2d at 38. Thus, Sullivan's due process claim is substantively different from the argument he presented to the state court.

Nor did Sullivan's reliance in his state court appeal on three state cases that refer to the "interests of justice" as adequate grounds for a new trial fairly alert the state court to consider constitutional due process arguments.[7] The cited cases, while broadly discussing concepts of fairness, never mentioned the due process clause and did not rely on federal precedent as the basis for their holdings. *See Anderson v. Harless*, 103 S.Ct. at 278 n. 3; *see also Wilks v. Israel*, 627 F.2d at 37–38.

■ We recognize that there may be situations when the due process ramifications of an argument are self-evident; therefore, we do not adopt a per se rule that any state court appeal that fails to use the magic words "due process" fails to adequately alert the state court to the constitutional ramifications of the alleged trial court error. However, where the argument presented to the state court does not: "(a) rel[y] on pertinent federal cases employing constitutional analysis; (b) rel[y] on state cases employing constitutional analysis in like fact situations, (c) assert[ ] the claim in terms so particular as to call to mind a specific right protected by the Constitution, ... [or] (d) alleg[e] a pattern of facts that is well within the mainstream of constitutional litigation,"[8] *Daye v. Attorney General of New York*, 696 F.2d 186, 194 (2d Cir.1982) (en banc), we cannot say that the state court has considered or had a fair opportunity to consider and correct the subsequently alleged constitutional violations.[9]

■ In *Spurlark* we emphasized:

The fundamental requirement that a petitioner first present his claims to the state

---

state appellate court level. *See United States ex rel. Spurlark v. Wolff*, 699 F.2d 354 (7th Cir. 1983) (en banc).

**6.** Under Illinois law, a motion for a new trial on the basis of newly discovered evidence is committed to the sound discretion of the trial court, and will not be granted unless the evidence is noncumulative, will probably change the result, and would "not have been discoverable upon due diligence prior to trial." *People v. Sullivan*, 51 Ill.Dec. at 64, 420 N.E.2d at 477 (citing *People v. Miller*, 79 Ill.2d 454, 38 Ill.Dec. 775, 404 N.E.2d 199 (1980)). The Illinois Appellate Court held that the trial judge properly denied Sullivan's motion because the third requirement had not been met. *Id.*

**7.** Sullivan cited *People v. Hughes*, 11 Ill.App.3d 224, 296 N.E.2d 643 (2d Dist.1973); *People v. Pirovolos*, 126 Ill.App.2d 361, 261 N.E.2d 701 (1st Dist.1970); *People v. Upshaw*, 58 Ill.App.2d 256, 207 N.E.2d 728 (1st Dist.1965).

**8.** For example, an argument that evidence was obtained in a manner that "shocks the conscience" might fairly alert a state court that it should evaluate the alleged error in light of the due process clause of the federal constitution. *Cf. Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

**9.** By citing these factors we do not mean to imply that when any one of them is present, particularly with regard to factors (a) and (b), the habeas petitioner has automatically met his burden of showing that the state courts had a fair opportunity to consider the petitioner's constitutional claim; the adequacy of notice to the state courts must be judged under the specific facts present in an individual case. But where *none* of these factors is present, and there is no indication that the state court has considered any potential constitutional implications, then it is fair to conclude that the state court has not been properly presented with the petitioner's constitutional claims.

court is rooted in the belief that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); see also *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). This goal can only be achieved when the issue is presented to the state courts in a manner that fairly allows the court to consider its merits.

699 F.2d at 356. While Sullivan's due process claims are based on the errors he complained of in state court, we hold that under the circumstances of this case Sullivan did not effectively alert the state court to the due process ramifications upon which he bases his habeas petition.[10] Therefore, since Sullivan has not attempted, either before the district court or before this court, to meet the cause and prejudice

requirements of *Wainwright v. Sykes*, we hold that he has forfeited his right to raise his due process claims in federal court, and affirm the district court's dismissal of this portion of Sullivan's habeas petition.[11]

### III. Ineffective Assistance of Counsel

Sullivan also claimed, both before the state appellate court and in his habeas petition, that his trial counsel performed incompetently, as evidenced by counsel's failure to interview and obtain the presence of five eyewitnesses to the crime for which Sullivan was ultimately convicted. The district judge assumed that Sullivan's trial counsel was in fact incompetent, but held that the incompetence was harmless and consequently denied Sullivan's habeas petition. We reverse and remand in light of our recent decision in *United States ex rel. Cosey v. Wolff*, 727 F.2d 656 (7th Cir.1984), a case that is virtually indistinguishable from the one at hand.[12]

10. *Compare United States ex rel. Nance v. Fairman*, 707 F.2d 936, 940–41 (7th Cir.1983) (state court claim that exclusion of prior inconsistent statement violated Illinois evidence law did not fairly present sixth amendment confrontation clause argument based on same facts); *Nelson v. Solem*, 714 F.2d 57, 59 (8th Cir.1983) (per curiam) (state court claim that a trial court instruction improperly nullified *petitioner's* alibi defense did not sufficiently alert state court to potential federal due process claim); *Wilks v. Israel*, 627 F.2d 32, 38 (7th Cir.1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981) (state court claim that trial court abused its discretion in refusing to accept guilty plea to lesser included offense did not sufficiently apprise state court of argument that the refusal violated petitioner's due process rights) *with Hutchins v. Wainwright*, 715 F.2d 512, 519 (11th Cir.1983), *petition for cert. filed*, — U.S. ——, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984) (state court claim that the prosecution obtained an unfair advantage by introducing into evidence out-of-court statements of unidentified informant and then relying on those statements as evidence of petitioner's guilt effectively apprised state court of confrontation clause issue); *Macon v. Lash*, 458 F.2d 942, 949 (7th Cir.1972) (pro se petitioner's state court contention "that he should not be deprived of his right to appeal because his court-appointed counsel filed a futile motion for an extension of time instead of filing a timely motion for a new trial" sufficiently presented the substance of a constitutional claim of ineffective assistance of counsel to the state court).

11. Sullivan's heavy reliance on *Bisaccia v. Attorney General of New Jersey*, 623 F.2d 307 (3d Cir.), *cert. denied*, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980), is misplaced. In *Bisaccia*, the petitioner had complained to the state court that he was denied a fair trial due to the introduction of a co-conspirator's guilty plea without an instruction to the jury that the plea could not be used against the petitioner as substantive proof of the existence of a conspiracy. The Third Circuit found that this argument fairly apprised the state court of a constitutional due process claim even though neither the petitioner nor the state court cited the fourteenth amendment. But the Third Circuit noted that the petitioner argued to the state court that "he is entitled as a constitutional right to a fair trial," that petitioner's state claim was "virtually indistinguishable" from the due process allegation in his habeas petition, and that the method of analysis the state appellate court used was "indistinct" from classic fourteenth amendment due process analysis. *Id.* at 310–12. In contrast, Sullivan never mentioned that the trial court's errors may have abridged a constitutional right, Sullivan's state court claim that the trial court erred in denying him a new trial on the basis of newly discovered evidence involves legal issues that are distinct from those raised by an alleged due process violation, and the state court did not employ due process analysis in considering Sullivan's claim.

12. In *Cosey*, as in this case, the defendant was convicted after a bench trial. The defendant then made a post-trial motion alleging that the

■ The Illinois Appellate Court held that Sullivan failed to show the requisite prejudice resulting from his attorney's alleged incompetence in neglecting to interview and call the five eyewitnesses. The court explained that "[a]lthough such testimony at trial certainly would have been favorable to the defendant, it would not *dictate a different result." People v. Sullivan,* 51 Ill.Dec. at 65, 420 N.E.2d at 478 (emphasis added). The district judge, acting without the benefit of *Cosey,* erred in basing his finding of harmless error on this state court decision. To hold that testimony omitted due to attorney incompetence must "dictate a different result" before the requisite prejudice is proven effectively puts the burden on the defendant to prove both that he was deprived of his constitutional right to effective assistance of counsel, *and* that in the absence of such ineffective assistance he would have been acquitted. This is not the proper standard to use in evaluating whether errors of constitutional dimension warrant the granting of a new trial. A mistake of constitutional dimension triggers the harmless error standard, which puts the burden on the government to prove beyond a reasonable doubt that the error did *not* affect the verdict. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Thus, once a criminal defendant proves that his counsel's performance was constitutionally inadequate, all he need do to sustain his initial burden of proof is show that the inadequacies *impaired his defense. United States ex rel. Cosey v. Wolff,* at 658.

■ As we held in *Cosey,* a trial court's out-of-hand rejection of affidavits containing admittedly exculpatory statements from persons whom, due to trial counsel's incompetence, trial counsel did not consider calling as witnesses does not prove beyond a reasonable doubt that the defendant would have been convicted if the testimony contained in the affidavits had been presented at the original trial. When the trial judge rejected the affidavits, they were attached to a motion for a new trial based on newly discovered evidence, not to a motion for a new trial based on ineffective assistance of counsel. *See People v. Sullivan,* 51 Ill.Dec. at 63, 420 N.E.2d at 476. It is important to remember that the standard for granting a new trial based on newly discovered evidence differs from the standard for granting a new trial based on attorney incompetence. *Id.* at 659 & n. 6; *supra* note 5; *see also United States ex rel. Nance v. Fairman,* 707 F.2d 936, 941 n. 5 (7th Cir.1983) (noting that the applicable standard for evaluating an error depends on whether the error is of constitutional dimension). Moreover, such out-of-hand rejection of the sworn statements without the benefit of an evidentiary hearing is tantamount to trial by affidavit. We therefore remand Sullivan's claim that he was deprived of his constitutional right to effective assistance of counsel for further proceedings in light of our opinion in *Cosey.* We do not, however, by this remand intend to suggest that the witnesses are credible or that their testimony will be sufficient to dictate the issuance of the writ.

Circuit Rule 18 shall not apply.

---

testimony of witnesses not present at the original proceeding constituted newly discovered evidence that warranted granting a new trial, and supported his motion with affidavits from each of the proffered witnesses. The trial judge denied the motion without holding an evidentiary hearing, even though the proposed testimony set out in the affidavits was admittedly exculpatory. The Illinois Appellate Court eventually affirmed the defendant's conviction in the face of an ineffective assistance of counsel claim due to the trial court's adherence to its initial determination of guilt and apparent rejection of the proffered witnesses' affidavits. We affirmed the district court's granting of Cosey's habeas corpus petition, holding that the Illinois Appellate Court applied the wrong standard in affirming Cosey's conviction. At 658.