762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICKY ABSTON, PETITIONER-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, RESPONDENT-APPELLEE.
 NO. 84-5396
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: CONTIE and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Abston appeals from the district court's order denying his petition for writ of habeas corpus in which he alleged that his sentence was the result of a 'quotient verdict,' and, therefore, violated due process. The district court failed to consider whether Abston had exhausted his state remedies pursuant to 28 U.S.C. Sec. 2254(b) and such is not apparent from the record in this case. Accordingly, the judgment of the district court is vacated and the case remanded for consideration of the exhaustion issue.
 
 
 2
 On February 13, 1980, Ricky Abston was convicted in the Criminal Court of Shelby County of two counts of robbery by use of a deadly weapon. Abston was sentenced by a jury to consecutive fourteen-year terms. The Court of Criminal Appeals of Tennessee affirmed Abston's conviction on October 9, 1980. The court reviewed Abston's new trial motion and hearings held on the motion in the trial court. The hearing revealed that each juror had submitted his choice for the sentence and the sum was divided by twelve. The jurors testified, and the trial court found, that the jurors had not agreed prior to the averaging to be bound thereby. The appellate court discussed only Tennessee law regarding the propriety of quotient verdicts.
 
 
 3
 On May 4, 1983, the court of appeals denied Abston's pro se motion to vacate and reinstate the judgment. Abston alleged that his counsel was ineffective in withdrawing and allowing the time to petition for permission to appeal to lapse. On June 27, 1983, the Tennessee Supreme Court denied Abston's petition for permission to file an appeal.
 
 
 4
 On September 20, 1983, Abston filed a petition seeking a writ of habeas corpus, contending that due process was violated since the jury's use of a quotient to determine the sentence was arbitrary and capricious. On October 19, 1983, the district court denied Abston's petition on the ground that Abston had not stated a claim for violation of his constitutional rights, but did not consider whether Abston had exhausted his state remedies with respect to the claim.
 
 
 5
 While the requirement that a petitioner exhaust state remedies prior to seeking habeas corpus relief is not jurisdictional, Strickland v. Washington, 466 U.S. ----, 104 S. Ct. 2052, 2063 (1984), the requirement is strictly enforced, id. The exhaustion requirement is satisfied when a petitioner has fairly presented his federal claim to the state court. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Our consideration of exhaustion in this case is framed by two related propositions: that a petitioner seeking a writ of habeas corpus must assert a constitutional rather than state law claim, Koontz, 731 F.2d at 368, and the claim asserted in the district court must be the same claim presented to the state courts, United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453-54 (7th Cir. 1984). Further, even when claims in both state and federal court allege error based on the same facts, the exhaustion doctrine requires that the legal claims be identical. Fairman 731 F.2d at 453-54.
 
 
 6
 '[T]he burden is on the prisoner to raise the federal constitutional claim in state court and, if the court rules against the prisoner, take the usual steps necessary to present that claim on appeal.' Toney v. Franzen, 687 F.2d 1016, 1022 (7th Cir. 1982). Further, in the habeas proceeding, the petitioner has 'the burden of demonstrating that he has met the procedural prerequisites that entitle him to relief.' Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). A petitioner may meet this burden by showing that the state court has expressly decided the issue he raises in his petition. Brown 669 F.2d at 158. However, when the state court is silent on the issue, petitioner must show that the state court was on notice that the issue had been raised and had the opportunity to rule on it. Wiley v. Sowders, 647 F.2d 642, 647 (6th Cir.), cert. denied, 454 U.S. 1091 (1981).
 
 
 7
 We cannot discern from the state appellate court opinion in this case whether Abston presented that court with the constitutional claim which he now seeks to raise or whether Abston raised only a state law claim. That the state court appellate briefs are not a part of the record in this case prevents resolution of the exhaustion issue by this court, which, therefore, should be considered by the district court on remand.
 
 
 8
 Accordingly, the judgment of the district court is VACATED and the case REMANDED for proceedings consistent with this opinion.