779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES E. PILLETTE, Petitioner-Appellant,
vs.
DALE FOLTZ and FRANK KELLEY, Respondents-Appellees.
 84-1277
 United States Court of Appeals, Sixth Circuit.
 10/29/85
 
 VACATED AND REMANDED
 E.D.Mich., 580 F.Supp. 1290
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and CONTIE, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles E. Pillette appeals from the judgment of the district court denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. For the reasons below, we vacate the judgment of the district court and remand the case for proceedings consistent with this opinion.
 
 I.
 
 2
 On October 6, 1976, Pillette and Scarlet Smith were each charged with one count of felony murder in the perpetration of a rape in violation Mich. Comp. Laws Sec. 750.316, one count of first degree premeditated murder in violation of the same statute, and two counts of first degree criminal sexual conduct in violation of Mich. Comp. Laws Sec. 750.520(b)(1). The charges arose from the October 4, 1976, death of Smith's three year old daughter, Josette. Pillette and Smith were tried jointly before two juries.
 
 
 3
 The jury for Pillette subsequently found him guilty of felony murder and two counts of criminal sexual conduct in the first degree. Smith was found guilty of second degree murder as a lesser included offense of felony murder and two counts of criminal sexual conduct in the first degree. Both were sentenced to three concurrent terms of life imprisonment. The convictions were appealed and on March 19, 1980, the Michigan Court of Appeals set aside Pillette's conviction of felony murder and reduced the conviction to manslaughter or, at the prosecutor's option, retrial on second degree murder. The court affirmed Pillette's criminal sexual conduct convictions. No. 77-2226 (1980). On April 15, 1981, the Michigan Supreme Court denied without opinion Pillette's leave to appeal. People v. Pillette, and People v. Scarlet Smith, 411 Mich. 875 (1981).
 
 
 4
 On or about July 13, 1982, Pillette filed a pro se petition for habeas corpus with the district court. Subsequently, in a March 3, 1983 opinion, the Michigan Court of Appeals ordered resentencing on the criminal sexual conduct convictions and on June 24, 1983, Pillette was resentenced to concurrent terms of thirty to fifty years imprisonment for the two counts of criminal sexual conduct. On February 22, 1984, the district court denied Pillette's petition for habeas relief. Pillette filed a timely appeal from the district court's judgment.
 
 II.
 
 5
 Pillette raises several issues in this appeal. However, it is unclear whether Pillette has exhausted his state remedies with respect to all of his claims. This court has stated that 'the total exhaustion requirement . . . may not be waived or conceded . . . and may be noticed by this Court sua sponte.' Bowen v. State of Tennessee, 698 F.2d 241, 243 (6th Cir. 1983) (en banc).
 
 
 6
 While the requirement that a petitioner exhaust state remedies prior to seeking habeas corpus relief is not jurisdictional, Strickland v. Washington, 104 S. Ct. 2052, 2063 (1984), the requirement is strictly enforced, id. The exhaustion requirement is satisfied when a petitioner has fairly presented his federal claim to the state court. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Our consideration of exhaustion in this case is framed by two related propositions: that a petitioner seeking a writ of habeas corpus must assert a constitutional rather than state law claim, Koontz, 731 F.2d at 368, and the claim asserted in the federal habeas court must be the same claim presented to the state courts, United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453-54 (7th Cir. 1984). Further, even when claims in both state and federal court allege error based on the same facts, the exhaustion doctrine requires that the legal claims be identical. Fairman, 731 F.2d at 453-54.
 
 
 7
 In a habeas proceeding, the petitioner has 'the burden of demonstrating that he has met the procedural prerequisites that entitle him to relief.' Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). A petitioner may meet this burden by showing that the state court has expressly decided the issue he raises in his petition. Brown, 669 F.2d at 158. However, when the state court is silent on the issue, petitioner must show that the state court was on notice that the issue had been raised and had the opportunity to rule on it. Wiley v. Sowders, 647 F.2d 642, 647 (6th Cir.), cert. denied, 454 U.S. 1091 (1981).
 
 
 8
 We cannot discern from the state appellate court opinions whether Pillette presented all of the claims he now seeks to raise. Because the appropriate state appellate briefs are not a part of the record in this case, this court is prevented from resolving the total exhaustion issue. Therefore, the district court should consider the issue on remand.
 
 
 9
 Accordingly, the judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this opinion.