UNITED STATES of America ex rel.
Robert KING, Petitioner,

v.

James GREER, Respondent.

No. 87 C 5152.

United States District Court,
N.D. Illinois, E.D.

Nov. 4, 1987.

Robert King, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Gary H. Schwartz, Asst. Atty. Gen., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

Following his conviction in May 1981, Robert King was sentenced to 40 years for murder and 30 years for armed robbery. After unsuccessful appeals to the state courts, King now petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. In support of his petition, King asserts five different claims of unconstitu-tional conduct, stemming from alleged vio-lations of the Fourth and Sixth Amend-ments. After reviewing each of the claims asserted, this court denies King's petition.

### I. Fourth Amendment Claims

King raises two claims under the Fourth Amendment. First, King alleges that the police did not have probable cause to arrest him. Second, he contends that the trial court should not have admitted into evi-dence an inculpatory statement that he made during his allegedly illegal arrest.

Initially, the State argues that King has waived his Fourth Amendment claims because he did not properly assert them in the state courts. This court disagrees. The State correctly observes that King can-not assert his claims in federal court unless he has previously presented the same claims in state court "in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." United States ex rel. Sullivan v. Fair-man, 731 F.2d 450, 453 (7th Cir.1984). As the Seventh Circuit has noted, however, a petitioner need not cite to a specific consti-tutional provision in order to alert the state court to the constitutional implications of his claim. He can "assert[ ] the claim in terms so particular as to call to mind a specific right protected by the Constitu-tion" or "alleg[e] a pattern of facts that is well within the mainstream of constitution-al litigation." Id. at 454 (quoting Daye v. Attorney General of New York, 696 F.2d 186, 194 (2d Cir.1982)). In this case, King adequately alerted the state courts to the constitutional ramifications of the claims arising from his arrest. He articulated his illegal arrest claim in terms of insufficient "probable cause"—a phrase commonly as-sociated with the Fourth Amendment. Moreover, King alleged that his illegal ar-rest tainted a subsequent inculpatory state-ment—a fact pattern typical of Fourth Amendment jurisprudence.

Nonetheless, although King has not waived his Fourth Amendment claims, these allegations do not entitle him to fed-eral habeas relief. King's first claim, that he was arrested without probable cause,

provides insufficient grounds for granting a writ of habeas corpus. An illegal arrest by itself does not justify habeas relief from an otherwise valid conviction. *Sanders v. Israel,* 717 F.2d 422, 423 (7th Cir.1983), *cert. denied,* 465 U.S. 1033, 104 S.Ct. 1302, 79 L.Ed.2d 701 (1984); *United States ex rel. Dampier v. O'Leary,* 595 F.Supp. 747, 749 (N.D.Ill.1984). Neither can this court grant relief based on King's second claim, the admission of evidence allegedly tainted by the illegal arrest. The Supreme Court's ruling in *Stone v. Powell* disposes of this claim: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). King never contends that he did not receive a full and fair opportunity to present his claims in state court; he argues only that a writ of habeas corpus should issue because the state courts erred in interpreting the Fourth Amendment. Under the doctrine of *Stone v. Powell,* this claim must fail.[1]

## II. *Sixth Amendment Claims*

King presents three Sixth Amendment claims in his habeas petition. First, he asserts that the State violated his right to an impartial jury by using peremptory challenges to exclude all blacks from his jury. King also contends that the trial court deprived him of a fair trial when it refused to allow him to call a witness. Finally, King argues that the trial court abridged his right to a fair trial by excluding certain evidence.

■ After reviewing the history of this litigation, this court concludes that King has waived all three of these claims. With respect to his allegation that the State improperly used peremptory challenges, King failed to raise this claim in his appeal to the Illinois Supreme Court. If a habeas petitioner has not presented a particular claim to the highest state court, he forfeits that claim in federal court. *Nutall v. Greer,* 764 F.2d 462 (7th Cir.1985). Thus, King has waived any constitutional claim concerning the State's use of peremptory challenges.

■ In addition, under the standard announced by the Seventh Circuit in *United States ex rel. Sullivan v. Fairman, supra,* King has waived his other two Sixth Amendment claims. When he asserted these claims in state court, King made no reference to the Constitution. He never even hinted that these claims might involve a federal constitutional issue. Moreover, unlike the claims stemming from King's arrest, which have obvious Fourth Amendment implications, King's challenges to the trial court's evidentiary rulings do not evoke any readily apparent Sixth Amendment concerns.

■ Because he did not give the state courts a fair opportunity to assess his Sixth Amendment claims, King has waived those claims. He cannot now raise them in this court unless he can show cause for the waiver and consequent prejudice. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (adopting the "cause-and-prejudice" test); *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc) (applying the test to cases involving failure to appeal). The only "cause" that King offers is that he received inadequate legal assistance. The

---

1. In arguing that the trial court should have excluded his inculpatory statement, King also makes passing reference to the Fifth and Fourteenth Amendments. Presumably, these amendments would form the basis for a claim that King's statement was involuntary. King, however, has not clearly articulated such a claim in either state or federal court. Although he has presented facts suggesting that his statement may have been involuntary, "[i]t is not enough that all the facts necessary to support the feder-

al claim were before the state courts." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). King failed to provide the state courts with a fair opportunity to address the constitutional question of whether his statement was voluntary. Because he has not shown cause for his failure to raise the issue or any resulting prejudice, King has waived any claim of involuntariness. *See United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir. 1983).

performance of King's counsel, however, would not constitute cause for a procedural default unless it amounted to ineffective assistance of counsel under the Sixth Amendment. *See Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). Even if King received ineffective assistance, the exhaustion doctrine would preclude him from asserting that his counsel's negligence caused the waiver: "[A] claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* 106 S.Ct. at 2646. Because King never raised the issue of ineffective assistance in the state courts, he cannot base a showing of cause for a procedural waiver on his counsel's incompetence.

Having failed to satisfy the cause-and-prejudice test, King has waived his Sixth Amendment claims by neglecting to present them in the state courts.

## CONCLUSION

For the foregoing reasons, King's petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.