946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. GEITZ, Petitioner-Appellant,
v.
Michael P. LANE and Attorney General of the State of
Illinois, Respondents-Appellees.
 No. 88-2601.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 1, 1991.*
Decided Oct. 17, 1991.
Rehearing Denied Dec. 13, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James B. Geitz brought this petition pursuant to 28 U.S.C. § 2254 to challenge his 1984 conviction for deviate sexual assault, aggravated indecent liberties with a child, and home invasion. He set forth two claims for relief: (1) the trial court committed prejudicial error in admitting evidence of a Ferguson, Missouri sexual offense to establish modus operandi, and (2) the trial court committed prejudicial error in admitting evidence of a measuring cup and a pair of pantyhose found in his mother's car. The magistrate judge, acting with the consent of the parties pursuant to 28 U.S.C. § 636(c), denied relief, and this appeal followed.
 
 
 2
 Geitz concedes, as he must, that he procedurally defaulted on his state evidentiary claims because he failed to argue their due process ramifications to the Illinois Court of Appeals. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982); Falconer v. Lane, 905 F.2d 1129, 1134 (7th Cir.1990); United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453-54 (7th Cir.1984). Nevertheless, he seeks to excuse his default by arguing that a fundamental miscarriage of justice will result if we do not consider the claims. Unfortunately for Geitz, he did not raise this argument before the magistrate judge, and therefore waives review of it here. See Gomez v. Greer, 896 F.2d 252, 254 (7th Cir.), cert. denied, 111 S.Ct. 355 (1990).
 
 
 3
 Geitz next argues that the magistrate judge abused his discretion in refusing to consider an amendment to the habeas petition. The amendment added a claim that the state failed to disclose to Geitz evidence of a medical examination of the victim, as required by Brady v. Maryland, 373 U.S. 83 (1963). We discern no abuse of discretion in the denial of the amendment. Geitz filed the amendment without seeking either leave of court or written consent of the state, and therefore his amendment was a nullity. Friedman v. Village of Skokie, 763 F.2d 236, 239 (7th Cir.1985); see 6 C. Wright, A. Miller and M. Kane, Federal Practice & Procedure § 1484 at 601-01 (2d ed. 1990). Moreover, as the state points out, Geitz never exhausted his Brady claim, so had the district court entertained the amendment, it would have been required to dismiss the entire habeas petition on grounds of nonexhaustion. See Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 4
 Finally, we discern no abuse of discretion in the denial of Geitz's motion for the appointment of counsel pursuant to the factors articulated in Maclin v. Freake, 650 F.2d 885, 887-88 (7th Cir.1981).
 
 
 5
 The decision of the magistrate judge is accordingly
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record