963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond DICK, Petitioner/Appellant,
v.
Michael P. LANE, and Roland W. Burris,[1]
Respondents/Appellees.
 90-3050.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
 Decided May 21, 1992.
Rehearing and Rehearing In Banc
Denied Sept. 3, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The district court denied Raymond Dick's petition for a writ of habeas corpus. He appeals that dismissal, and we AFFIRM the court's decision for the reasons stated in the attached district court order.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 3
 UNITED STATES OF AMERICA ex rel. RAYMOND DICK, Petitioner,
 
 
 4
 v.
 
 
 5
 MICHAEL LANE, et al., Respondents.
 
 No. 88-C-9210
 MEMORANDUM OPINION AND ORDER
 
 6
 Raymond Dick petitions pro se for habeas corpus relief under 28 U.S.C. 2254. Dick was convicted of rape and aggravated kidnapping and is serving concurrent twelve year sentences. His conviction was affirmed on appeal. People v. Dick 153 Ill.App.3d 670, 505 N.E.2d 1157, (1st Dist.1987) cert. denied 115 Ill.2d 545, 511 N.E.2d 432 (1987). Dick filed a petition in the state court under the Illinois Post-Conviction Hearing Act and was denied. Dick has exhausted his state remedies.
 
 
 7
 Dick raises eleven claims in his habeas petition. Dick contends that he was denied a fair trial and due process of law as a result of the prosecutor's knowing use of perjured testimony and the trial court's refusal to admit a statement made by him to an insurance investigator. Dick also contends that he was convicted without sufficient evidence. The remainder of Dick's eleven claims either restate these claims, fail to raise a constitutional issue, or are frivolous and without merit.
 
 
 8
 Dick's rape conviction was a prerequisite to his aggravated kidnapping conviction under Illinois law.[1] Dick does not specifically challenge his aggravated kidnapping conviction in his habeas corpus petition. Liberal interpretation of this pro se petition requires the court to determine whether there is sufficient evidence to sustain Dick's rape conviction as a predicate to sustaining his conviction for aggravated kidnapping.
 
 STATEMENT OF FACTS
 
 9
 This court must presume that the state court's determination of factual issues are correct. Sumner v. Mata, 449 U.S. 539 (1981). An exception to this rule exists when an applicant brings an insufficiency of the evidence claim and this court, after reviewing the record, determines that the state court's factual findings lack even fair support. 28 U.S.C. 2254(d)(8). Marshall v. Lonburger, 459 U.S. 422, 432 (1983).
 
 
 10
 Dick challenges the facts in the state appellate court's opinion and provides portions of the state court record which show minor inconsistencies in the testimony of the complaining witness. A federal court may not redetermine the credibility of a witness whose demeanor has been observed and evaluated by the state court. Id. at 433. Since this court may not redetermine the credibility of the complaining witness, it must conclude that the facts summarized by the appellate court have fair support in the record. The facts in the appellate court opinion serve as the basis for this review. Smith v. Fairman, 862 F.2d 630, 632 (7th Cir.1988), cert. denied, 109 S.Ct. 1645 (1989).
 
 
 11
 On February 8, 1982, the complainant entered Raymond Dick's cab after she had been out with several of her co-workers. The complainant testified that she had been drinking. Dick drove her to her apartment building. When they arrived at her apartment, the complainant realized that she did not have cash for her fare. She offered either to get the money from her roommate or pay with a check. The complainant handed Dick a check and tried to leave the cab. The door would not open and Dick began to drive away. The complainant attempted to escape through the window. Dick grabbed her and would not let her leave.
 
 
 12
 Dick told her that they would go to the police station. When the cab turned away from the direction of the police station, the complainant realized that she was in danger and began to fake the symptoms of an epileptic seizure. They drove to a deserted neighborhood. Dick warned her that there was no use trying to run because this was a Puerto Rican neighborhood. The complainant testified that the way he said this made her believe that it would be dangerous for her to attempt an escape. Dick then pulled her out of the cab and dragged her into a building that he owned. Inside the building he slapped her, had intercourse with her and slapped her again. The complainant was rendered unconscious during this attack. Dick then dragged her to the cab and drove back to her residence. He pulled her out of the cab and left her in the snow next to her building.
 
 ANALYSIS
 Procedural Default
 
 13
 Before this court may review a constitutional claim in a petition for habeas corpus, the state court must be given the opportunity to review the alleged constitutional error and correct it. Smith v. Fairman, 731 F.2d 450, 453 (7th Cir.1988). Dick failed to raise both his claim that the prosecutor knowingly used perjured testimony and his claim that the trial court erroneously refused to admit his written statement to the insurance representative in his petition for leave to appeal to the Supreme Court of Illinois. Dick has waived these claims for habeas corpus review unless he can show cause for his failure to raise these claims and prejudice from the alleged constitutional infirmities raised by them. Nutall v. Greer 764 F.2d 462, 465 (7th Cir.1985).
 
 
 14
 Dick has not stated any cause for failing to raise either his claim that the prosecutor knowingly used perjured testimony to convict him or his claim that the trial court erroneously failed to admit his written statement. The only claim that Dick has not waived for purposes of this review is his claim that the evidence at trial was insufficient to convict him.
 
 Insufficiency of the Evidence
 
 15
 Dick contends that the evidence brought at trial was insufficient to sustain his conviction of rape and was therefore insufficient to sustain his conviction of aggravated kidnapping. Specifically, Dick contends that there was insufficient evidence of force necessary to sustain a rape conviction and that there is no evidence to show the complainant's resistance. To determine whether the evidence was sufficient to sustain Dick's conviction, this court must view the evidence presented at trial in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime of rape beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 16
 Force is an essential element of the crime of rape in Illinois. Ill.Rev.Stat. 38 para. 11-1(a). There is no standard that fixes the amount of force or the accompanying amount of resistance a victim must give. A victim does not have to resist where she is overcome by superior strength, paralyzed by fear or where resistance is futile. People v. Schmitt, 99 Ill.App.3d, 184, 188, 424 N.E.2d 1267, 1270 (5th Dist.1981).
 
 
 17
 The facts in Schmitt as they relate to the use of force are similar to the facts in Dick's case. The defendant in Schmitt grabbed his victim and physically dragged her into a secluded area. He repeatedly threatened to kill her if she resisted, although there was no evidence that the defendant had a weapon. Fearing for her life the victim did not scream for help or resist. Id., at 1269.
 
 
 18
 Like Schmitt, there is evidence in the record here from which a rational trier of fact could find that Dick used force on his victim and made it futile for her to resist. There is also evidence that the complainant was overcome by Dick's superior strength and that she still attempted to resist by feigning illness. Dick physically prevented his victim from escaping through the window of the cab by grabbing her and not letting her go. When they arrived at the scene of the attack, Dick warned her that she should not try to run away because she was in a dangerous neighborhood. The complainant also testified that Dick dragged her out of the cab and into the building, slapped her before and after having intercourse, and dragged her out of the building and back to the cab.
 
 
 19
 Based on this evidence of force, a rational trier of fact could find that the complainant was overcome by Dick's superior strength. The jury could also reasonably conclude that because physical resistance was futile, the complainant did not make further attempts to escape or scream for help but chose instead to resist by feigning illness. Since a rational trier of fact could find the elements of the crime of rape, Dick's contention that the evidence was insufficient to sustain his conviction lacks merit. It follows that a rational trier of fact could find the elements of the crime of aggravated kidnapping and that this contention lacks merit as well.
 
 CONCLUSION
 
 20
 The petition for the writ of habeas corpus is denied.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Dick has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Roland W. Burris has been substituted as the proper party pursuant to Fed.R.App.P. 43(c)
 
 
 [1]
 The appellate court relied on Dick's conviction of rape to uphold his conviction for aggravated kidnapping. People v. Dick, 153 Ill.App.3d 670, 505 N.E.2d 1157, 1163 (1st Dist.1987) cert. denied 115 Ill.2d 545, 511 N.E.2d 432 (1987)